**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DAMAS J. ALABRE,
          Appellant,

       v.

DEPARTMENT OF HOMELAND
   SECURITY,
          Agency.

DOCKET NUMBER
AT-0752-22-0176-I-1

DATE: January 27, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Damas J. Alabre</u>, Saint Augustine, Florida, pro se.

<u>Lisa Zito</u>, Miami, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his alleged involuntary resignation for lack of jurisdiction. On petition for review, the appellant argues, among other things, that his intent in submitting his resignation letter to the agency was not to resign

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

but to seek extended medical leave. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[2] 5 C.F.R. § 1201.113(b).

¶2    Although the administrative judge correctly found that the appellant failed to make a nonfrivolous allegation that his resignation was involuntary based on either the agency's purported failure to accommodate his disability or alleged agency misinformation, Initial Appeal File (IAF), Tab 18, Initial Decision at 5-7, the central basis for the appellant's involuntary resignation claim is that he did not resign but rather was placed on a medical leave of absence, which is still in effect. IAF, Tab 1 at 3, 28, 31; Petition for Review (PFR) File, Tab 1 at 4. However, two letters bearing the appellant's signature, one of which he referred

---

[2] The administrative judge docketed a separate appeal against the Office of Personnel Management (OPM) based on the appellant's appeal form. *Alabre v. Office of Personnel Management*, MSPB Docket No. AT-844E-22-0174-I-1, Initial Appeal File (0174 IAF), Tab 4 at 1. In that appeal, the administrative judge affirmed OPM's final decision dismissing the appellant's 2021 disability retirement application on the grounds that the application was untimely filed and the appellant did not meet the statutory requirement to waive the filing deadline. 0174 IAF, Tab 15, Initial Decision at 2-4. As no petition for review of the administrative judge's initial decision was filed in the appellant's appeal against OPM, that matter is not before the Board.

to as his "letter of resignation," IAF, Tab 15 at 89-91, irrefutably establish the appellant's voluntary resignation, and his claim that he did not resign is implausible and conclusory and thus does not amount to a nonfrivolous allegation of Board jurisdiction.[3] *See* 5 C.F.R. § 1201.4(s).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[3] The appellant also alleged that the agency improperly reduced him in grade when it reassigned him to a GS-7 Customs Technician position in 2003, arguing that the reduction made him unable to obtain other Federal positions. IAF, Tab 1 at 3, 32-33; PFR File, Tab 1 at 5-7. However, the appellant also stated that he agreed to accept the agency's proposal to reassign him to the Customs Technician position based on the advice of his union representative, who told him that if he turned the proposal down, the Office of Workers' Compensation Programs (OWCP) would reject or discontinue his claim. IAF, Tab 1 at 21-23. In *Reed v. U.S. Postal Service*, 99 M.S.P.R. 453, ¶ 14 (2005), *aff'd*, 198 F. App'x 966 (Fed. Cir. 2006), the Board found that the fact that an appellant faced a choice between the unpleasant alternatives of a demotion and the loss of OWCP benefits did not render his acceptance of a lower-graded position involuntary. Because the appellant's acceptance of the reassignment was voluntary by his own admissions, the Board clearly lacks jurisdiction over this claim, and we need not consider it further. *See Holloway v. Department of the Interior*, 82 M.S.P.R. 435, ¶ 21 (1999) (stating that voluntary actions are not appealable to the Board). Finally, though the appellant also challenged the agency's failure to restore him to duty after his 2004 resignation, IAF, Tab 1 at 3, 29-30, 34; PFR File, Tab 1 at 5, because we find that the appellant's resignation was voluntary, he was not an employee for purposes of restoration rights and had no right to make a restoration claim to the Board. *Claxton v. Department of Justice*, 6 M.S.P.R. 47, 48 (1981).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.